IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERRARD MONTREZ DEVOLD, <br> AIS, #293614, <br><br> Plaintiff, <br><br> v. <br><br> KAY IVEY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:20-CV-755-ECM <br> ) (WO) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Gerrard Montrez Devold, an indigent state inmate currently incarcerated at the Easterling Correctional Facility. In the instant complaint, Devold challenges the conditions of his confinement at Easterling due to the COVID-19 pandemic. Doc. 1 at 3. He seeks monetary damages and release from confinement. Doc. 1 at 4.

The defendants filed a special report supported by relevant evidentiary materials, including sworn declarations and other documents, in which they address the claims presented by Devold. *See* Doc. 16 & Docs. 16-1 thru 18-5. In these documents, the defendants deny any violation of Devold's constitutional rights.

Upon review of the defendants' report and supporting evidentiary materials, the undersigned entered an order directing Devold to file a response to these documents. Doc. 17. The order advised Devold that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure**

**to prosecute this action**." Doc. 17 at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [Devold] that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 17 at 1 (emphasis in original).  The time allotted Devold to file a response in compliance with this order expired on February 4, 2021.  Doc. 17 at 1.  As of the present date Devold has failed to file a response in opposition to the defendants' special report as ordered by the court. In light of this failure, the court finds that the instant case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, it is clear that dismissal of this case is the proper course of action.  Specifically, Devold is an indigent inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' report and this court's order suggests a loss of interest in the continued prosecution of this case.  Finally, it appears that any additional effort by this court to secure Devold's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the court concludes that the abandonment of this case by Devold and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by

Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **March 18, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 3rd day of March, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge